People of State of Illinois ex rel. Daniel T. Dragel, Appellee, v. Timothy J. O'Connor, Commissioner of Police of City of Chicago; Stephen E. Hurley, President, Albert W. Williams, and John J. Ahern, Members of Civil Service Commission of City of Chicago, Appellants.

Gen. No. 46,828.

First District, First Division.

May 7, 1956.

Released for publication June 12, 1956.

John C. Melaniphy, Acting Corporation Counsel of City of Chicago, of Chicago, for appellants; L. Louis Karton, Head of Appeals and Review Division, Sydney R. Drebin, and Harry A. Cooper, Assistant Corporation Counsel, all of Chicago, of counsel.

Nathan Engelstein, of Chicago, for appellee.

JUDGE NIEMEYER delivered the opinion of the court.

Defendants, the Commissioner of Police and the members of the Civil Service Commission of the City

of Chicago, appeal from a judgment ordering that a writ of mandamus issue forthwith directing and commanding them to correct the grades of the relator, hereinafter called plaintiff, in a police lieutenant's promotional examination by increasing his seniority and average efficiency grades and to then place his name in its correct and proper position on the police lieutenant's promotional eligible register.

The facts are not disputed. On August 16, 1935 plaintiff entered the classified service of the department of police of the City of Chicago as a police patrolman. After a leave of absence from 1943 to 1945 for military service he was restored to duty as a patrolman November 30, 1945. November 15, 1947 he was given leave of absence as a patrolman and served as microanalyst in the detective bureau crime laboratory. After taking a promotional examination for sergeant of police he was certified and appointed a sergeant on May 1, 1953. Shortly prior thereto the title of microanalyst had been dropped and an appropriation made for the unclassified position of police chemist, crime laboratory, detective bureau of the police department. May 2, 1953 plaintiff applied for and was given a leave of absence as sergeant and has served continuously as police chemist at a salary of approximately $1,000 a year in excess of that paid to sergeants. In the latter part of 1954 he took a promotional examination for police lieutenant, receiving a total average grade of 81.10, broken down as follows: written examination 78.40, physical test 82.48, efficiency 88.83, seniority 70.00. On March 1, 1955 he was No. 55 on the promotional eligible register. After the eligible list had been posted plaintiff sought to have his efficiency and seniority grades increased and his position on the register advanced. The police commissioner asked the Civil Service Commission to increase his efficiency grade to 90.16, but on the hearing testified that it should be changed to 90.00. The trial court ordered that his

198

seniority grade be increased to 73 and his efficiency grade to 90. These increases, with credit for military service, would give him a final grade of 85.248 and advance him 14 places on the eligible register. It is conceded that he is well qualified for the position of police chemist and that he has rendered exceptional service in that capacity. The efficiency grade given him on the examination was based on his service as chemist.

Section 9 of the Cities Civil Service Act (Ill. Rev. Stats. 1955, chap. 24½, par. 47) is in part as follows:

"The Commission shall, by its rules, provide for promotions in such classified service, on the basis of ascertained merit and seniority in service and examination and shall provide, in all cases where it is practicable, that vacancies shall be filled by promotion."

Sections 2 and 3 of Rule V of the rules and regulations of the Civil Service Commission, adopted pursuant to the foregoing direction, insofar as is material here, provide as follows:

Sec. 2: "No person shall be eligible for promotion from a position in any rank or grade to fill a vacancy in the next higher rank unless the position in which he is employed at the time of the examination is in the same branch and class of service as the position to be filled and unless such person is at the time of the examination actually employed in such branch and class, or is on leave of absence and is eligible for reinstatement."

Sec. 3: "Credit for seniority shall be given only for actual service in the rank or grade from which promotion is sought, whether such service has been continuous or not. Seniority shall be computed as of the date of the examination. . . ."

■ By these rules the right to take a promotional examination is restricted to persons who at the time of the examination are actually employed in the next

lower rank or grade in the same branch and class of service as the position to be filled, or who are on leave of absence and eligible for reinstatement. Plaintiff's right to take the promotional examination for lieutenant was based on his leave of absence as a police sergeant and his eligibility for reinstatement. The position of chemist, even though it be in the crime laboratory of a detective bureau of a police department, is not in the same branch or class of service as the position of lieutenant of police. Furthermore, it was not a classified position in the civil service and could not create any right or status under the civil service of the city. In Hartman v. City of Chicago, 343 Ill. App. 103, certain temporary or 60-day appointees as patrolmen, who later qualified and were appointed as civil service patrolmen, sought to have their time of service as temporary patrolmen added to their time of service as civil service patrolmen in computing their pay under an ordinance which varied the rate of pay according to the length of service. The court said: "Plaintiffs could not by performing services as temporary patrolmen gradually acquire civil service rights: to permit such a practice would nullify the purposes of the civil service laws." Later these same patrolmen sought to have the time of their service as temporary patrolmen added to their time in service as civil service patrolmen for the purpose of increasing their seniority rights in a promotional examination for sergeants of police, and the court, adhering to its opinion in the former case, said in People ex rel. Hartman v. Hurley, 345 Ill. App. 409 (abst.):

". . . plaintiffs may not add their service as temporary patrolmen to their service as civil service patrolmen, in the one case for the purpose of determining their rate of pay, and in the instant case for the purpose of increasing seniority rights."

200

The principle stated in these cases controls the instant case.

 Time served in an unclassified position of police chemist is not time of "actual service in the rank or grade from which promotion is sought" on which seniority rights may be determined under the rules of the commission. Credit in a promotional examination for actual service and efficiency in the rank and grade from which promotion is sought is given because such service tends to qualify the employee for the higher position, and efficiency in the lower grade is an index of fitness for the promotion sought. Efficiency in the job of police chemist is no more an indicator of fitness for the job of police lieutenant, which involves, with other duties, the commanding of men and the meeting of emergencies in preventing crime and apprehending criminals, than is fitness in the job of licensed pharmacist or chemist in private employment. Promotional examinations are restricted to employees in the classified service. It necessarily follows that efficiency which qualifies for promotion must be as an employee in a rank or grade of the classified service lower than the position to which promotion is sought. Plaintiff served only one day as a police sergeant. He has no record of service on which efficiency credit as a sergeant can be based. He is entitled to only the minimum credit for seniority and efficiency in the position of police sergeant.

The court erred in increasing the grades allowed him.

The judgment is reversed.

Reversed.

FRIEND, P. J. and BURKE, J., concur.